## Union Pac. Ry. Co. *v.* Meier and others.

### (*Circuit Court, D. Kansas.* June 9, 1886.)

1. EQUITY—BILL TO QUIET TITLE—SUFFICIENCY.
   Where, in a bill to quiet title, defendants demur specially on the ground of their actual occupancy of the land in controversy, and the further ground that complainant's equity is barred by lapse of time, and the bill itself fails to show clearly who is in actual possession, or when complainant acquired title, the demurrer will be overruled.

2. SAME—DEMURRER, WHEN PROPER.
   A pleading must be clear and positive in its allegation of material facts, or a demurrer thereto assuming the allegation of those facts will be overruled.

In Equity.

Bill to quiet title, and special demurrer thereto on the ground that defendants actually occupy the land in controversy; and the further ground that complainant's equity is barred by lapse of time.

*J. P. Usher,* for complainant.

*Lucien Baker,* for defendants.

BREWER, J. In this case there is a demurrer to the bill, which is a bill to quiet title. The Union Pacific Railway Company claims to own a right of way, to the extent of 400 feet in width, and has filed this bill against a number of parties, alleging that in 1867 a certain company laid out the town of Linwood, made a plat, filed it, and that

such plat included a part of this right of way. That plat was made and filed in 1867, 17 years before this bill was filed. It charges that two defendants, the president and secretary of that company, executed and filed this plat, and that the other defendants, on whose behalf alone this demurrer is filed, claim title by deeds from that town company of lots situated upon this right of way. When these deeds were made it is not alleged, but generally that these defendants claim title to the property by virtue of sundry conveyances made after the filing of the plat.

Two points are made: First, it is said that these defendants are in possession, and that a bill to quiet title will not lie against them. Well, if the bill showed that the defendants were in possession, I should think this ground of the demurrer was well taken. The plaintiff has a legal title. I do not understand that a party having a legal title, and out of possession, can maintain a bill to quiet title against one in possession. Under the old equity rule, possession by the plaintiff was a necessary condition of such an action. Our statute enlarges this, and authorizes one out of possession to maintain the same kind of an action against one also out of possession. In *Holland* v. *Challen*, 110 U. S. 15, S. C. 3 Sup. Ct. Rep. 495, the supreme court of the United States sustained the validity of a similar statute of Nebraska, and held it applicable to proceedings in the federal courts. But in that opinion the court very clearly intimated—of course it was not necessary to decide the question—that no state statute, or other statute, could transfer a purely legal cause of action to a court of equity. If the plaintiff has a legal title to the land, and the defendant is in possession, an action of ejectment is the legal remedy; and in it the constitution of the United States guaranties the right of trial by jury, and the plaintiff cannot avoid that constitutional provision by filing a bill to quiet title. But I do not read the allegations of the bill as showing possession to the defendants in terms, and while there are some expressions that point in that direction, yet the matter is left open. If I could take the statements of counsel on argument, the probabilities are that the defendants are in possession, or some of them, at least. But I must act on the bill as it reads, and upon its allegations I think that ground of demurrer cannot be sustained. And the other is equally defective. That raises the question of the statute of limitations. It does not appear what the deeds are, under which the defendants claim, or when they were executed or recorded. It makes no difference what was done 20 years ago by other parties. That may be the foundation of an action against such parties, but it is not shown that the deeds under which these defendants assert title were executed, or that the claims which they make accrued to them at any time beyond the statute of limitations; so that in that respect the demurrer will be overruled, and leave to answer by the August rule granted.